UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ALI PARKS,**<br><br>Plaintiff,<br><br>**v.**<br><br>**LIPARI FOODS OPERATING COMPANY, LLC,**<br><br>Defendant. | **2:23-CV-10187-TGB-JJCG**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING LIPARI FOODS OPERATING COMPANY, LLC'S MOTION FOR RECONSIDERATION (ECF NO. 23)** |

Ali Parks ("Parks") brings this lawsuit against Lipari Foods Operating Company, LLC ("Lipari Foods") for violating Parks' rights under Michigan law and federal law. After careful consideration, in a written Order, the Court granted Lipari Foods summary judgment on all of Parks' claims except for his claim that Lipari Foods retaliated against him, in violation of the Michigan Worker's Disability Compensation Act, for protected activity. Following the Court's Order, Lipari Foods moved this Court to reconsider its order in part. Having carefully reviewed Lipari Foods' arguments, the record, and the law, Lipari Foods' Motion for Reconsideration will be **DENIED**.

## I. BACKGROUND

Parks alleges that when Lipari Foods terminated his employment as a forklift operator, they unlawfully retaliated against him as

prohibited by Michigan's Worker's Disability Compensation Act ("WDCA"). ECF No. 22, PageID.797, PageID.837-44.

Parks alleges that on June 28, 2021, he aggravated a back injury while sweeping a freezer at work. *Id.* at PageID.837. He asked his supervisors, Moe and Fodale, if he could go to a clinic to receive treatment. *Id.* at PageID.837-38. He asserts that after he made this request for treatment, Moe and Fodale issued him 0.5 disciplinary points in retaliation. *Id.* at PageID.839-41; *see* ECF No. 23, PageID.855-61. Lipari Foods had a policy under which Parks would have been subject to termination for receiving 14 or more disciplinary points. ECF No. 22, PageID.798. Parks already had 16 points when he received the allegedly retaliatory 0.5 points. ECF No. 23, PageID.860.

After Parks received the allegedly retaliatory 0.5 points, Parks requested and received a meeting with Lipari Foods' Human Resources Senior Vice President, Brian Zilo. ECF No. 22, PageID.802. Parks complained that he believed that his disciplinary points were being manipulated. *Id.* Zilo agreed to remove some of Parks' points, leaving him with 14 remaining. *Id.* Zilo told Parks that he would receive a final warning, and that any additional unexcused absence could result in Parks being fired. *Id.* at PageID.802-03. A month later, Parks had another unexcused absence, and was fired. *Id.* at PageID.803. Parks then sued Lipari Foods for (among other things) terminating his employment, claiming that his termination was the result of unlawful discrimination

2

and retaliation under Michigan law, including the WDCA, and federal law. In an Order issued on September 30, 2024, the Court granted Lipari Foods summary judgment on all of Parks' claims except his claim for WDCA retaliation. ECF No. 22, PageID.844.

In denying Lipari Foods summary judgment on Parks' WDCA retaliation claim related to Parks' firing, the Court applied the *McDonnell Douglas* approach. *Id.* at PageID.837. Because Lipari Foods produced a legitimate reason for terminating Parks (his unapproved absences), Parks was required to demonstrate that retaliation was a motivating factor behind his firing. *See Cuddington v. United Health Services*, 298 Mich. App. 264, 277 (2012). The Court found that a reasonable jury could find that retaliation was a motivating reason behind Parks' firing: although there was no evidence that Zilo, the final decisionmaker, was retaliating against Parks, Parks had received disciplinary points from Fodale and Moe which were allegedly retaliatory. The Court found that a reasonable jury could find that had Parks not received the allegedly retaliatory disciplinary points from Fodale and Moe, that Zilo would have been less inclined to terminate Parks for his later unexcused absence. ECF No. 22, PageID.841-44. Therefore, the Court held that summary judgment was inappropriate on whether retaliation "caused" Parks' termination from employment, as is required under the WDCA. *Id.*

3

Lipari Foods timely filed their Motion for Reconsideration on October 14, 2024. ECF No. 23. In it, Lipari Foods only argued that the Court should reconsider its denial of summary judgment of Parks' WDCA claim related to Parks' termination (not Parks' WDCA retaliation claim related to illegitimate discipline). *Id.* at PageID.846-47.

## II. STANDARD

The Local Rules of the Eastern District of Michigan permit litigants to file motions for reconsideration of non-final orders. E.D. Mich. L.R. 7.1.(h)(2)(A). One ground for reconsideration is that "[t]he Court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." *Id.* Lipari Foods relies on this Rule in filing its Motion. ECF No. 23, PageID.854-55.

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (*internal quotation marks removed, quoting Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 324 (6th Cir. 2011); see also Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986).

On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001). Summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

Lipari Foods argues that the Court made four errors in declining to grant Lipari Foods summary judgment on Parks' WDCA claim arising from his employment being terminated. The Court finds, however, that it did not make an error of fact or law that would change the outcome of its prior decision.

### A.  Lipari Foods' Arguments

All four alleged errors focus on the same argument: there is not enough evidence to show that retaliatory conduct caused Lipari Foods to terminate Parks' employment.

First, Lipari Foods argues that the Court erred in finding that the alleged 0.5 points that Fodale assigned Parks on October 10, 2021, could have caused Zilo to terminate Parks' employment. ECF No. 23, PageID.855-61. Lipari Foods notes that Fodale assigned Parks only 0.5 disciplinary points, bringing Parks' total to 16.5. *Id.* Lipari Foods' policies

5

made Parks subject to termination after he received 14 points. ECF No. 22, PageID.978. Lipari Foods then points to the fact that *before* Parks got the allegedly retaliatory 0.5 points, Parks *already* had 16 disciplinary points, making him subject to termination. ECF No. 23, PageID.860.

As such, Lipari Foods argues that Parks' allegedly discriminatory points could not have been the "but for" cause of his termination: his points would have been flagged by the attendance system even without the 0.5 points. *Id.* at PageID.861.

Second, Lipari Foods argues that because Zilo removed the allegedly retaliatory 0.5 points from Parks' record, "Lipari Foods fully corrected any wrongs that might have been caused by the alleged retaliatory discipline." *Id.* at PageID.862.

Third, Lipari Foods argues that the Court was incorrect to infer that absent the allegedly retaliatory points, Zilo would have "forgiven Parks for his [later] absence and not removed him from employment." *Id.* at PageID.863-64.

Fourth, and finally, Lipari Foods argues that Parks' later unexcused absence provided an intervening legitimate reason to terminate his employment, which dispels an inference of retaliation. *Id.* at PageID.865-66.

**B.    Michigan Law's Causation Standard Allows an Inference that Precludes Summary Judgment**

However, this Court's review of the law persuades it that a reasonable jury could find that the allegedly discriminatory points were a but for cause of Parks' termination. While it is true that Parks later had an unexcused absence, "a reasonable jury could find that *but-for* the previous, allegedly illegitimate points, Zilo would have forgiven Parks for his [later unexcused] absence and not removed him from unemployment." ECF No. 22, PageID.844.

At the summary judgment stage, the court must examine the "reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. And without the 0.5 points Parks received, Zilo may have looked at Parks' record more favorably.

WDCA retaliation claims like Parks' which rely on indirect evidence of retaliation use the *McDonnell Douglas* framework. *Cuddington*, 298 Mich. App. at 266-67. Here, the only element of that framework that Lipari Foods puts at issue is causation: for the reasons they state, the allegedly retaliatory points could not have caused Parks' termination.

However, when analyzing but-for causation in the WCDA context, Michigan courts only ask whether the retaliation "was *a* motivating factor for the adverse action taken by the employer toward the plaintiff." *Cuddington*, 298 Mich. App. at 277 (emphasis added). Not "the"

7

motivating factor, but "a" motivating factor. Therefore, so long as a reasonable jury could find that Fodale's allegedly discriminatory points were *a* motivating factor for Zilo firing Parks, Parks can survive summary judgment on his WDCA claim.

Contrary to what other courts in this District have found,[1] Michigan has not adopted the federal but-for causation standard from standard from *Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 342-343 (2013), under which a plaintiff cannot establish liability if untainted factors were sufficient to justify the termination. [2] See *Rouch World, LLC v. Dep't of C.R.*, 510 Mich. 398, 420 (2022) (finding that Michigan's "but-for" causation requirement "is satisfied where sex is *a* determining factor in the discriminatory action.") (emphasis added).

---

[1] *Cf. Liebau v. Dykema Gossett, PLLC*, No. 21-CV-11823, 2023 WL 2330402, at *5 (E.D. Mich. Mar. 2, 2023) (Kumar, J.), *aff'd*, No. 23-1301, 2024 WL 1739750 (6th Cir. Apr. 23, 2024) (finding that Michigan had adopted the but-for causation standard applied to federal discrimination claims).

[2] The Court previously instructed Parks that should he file a Response to Lipari Foods' Motion for Reconsideration, he should brief the Court on the causation standard in *Seoane-Vazquez v. Ohio State Univ.*, 577 F. App'x 418, 428-29 (6th Cir. 2014) (applying *Nassar* to find that if factors untainted by retaliation were sufficient to justify a decisionmaker's action, the decisionmaker would be entitled to summary judgment even if their decision was also based on factors tainted by retaliation). After further review of caselaw, and for the reasons stated here, the Court concludes that the *Seoane-Vazquez* standard does not apply to claims arising exclusively under Michigan state law, which the Court applies to Parks' WDCA claim.

*Rouch World, LLC*, 510 Mich. at 420 also cites *Matras v. Amoco Oil Co*, 424 Mich. 675, 682-83 (1986) ("[Age] does not have to be the only reason, or even the main reason, but it does have to be one of the reasons which made a difference in determining whether or not to [discharge] the plaintiff."). And the Michigan Court of Appeals rejected an opportunity to adopt *Nassar* causation. See *Davis v. Jackson Pub. Sch.*, No. 344203, 2020 WL 3621292, at *8 (Mich. Ct. App. July 2, 2020) (noting that Michigan courts have only required protected activity to be a motivating factor for adverse action).

### C. A Reasonable Jury Could Find that Allegedly Retaliatory Points Were *A* Motivating Factor Behind Parks' Termination

The Court applies Michigan's "motivating factor" standard to Lipari Foods' arguments and finds that the Court did not make an error in denying summary judgment.

Lipari Foods argues that since Parks already had enough points to be terminated before he received retaliatory points, the retaliatory points could not have caused his termination. But it would not be unreasonable for a jury to conclude that Parks' having 16.5 points on his record, as opposed to 16 points, was *a* motivating factor in Zilo looking unfavorably at Parks' record and terminating his employment for a later infraction.

Lipari Foods maintains that since Zilo removed Parks' allegedly retaliatory points, that the retaliatory points could not have caused Lipari Foods to terminate Parks' employment. But Parks having 16.5

points, as opposed to 16, at the time that Zilo removed Parks' points, could have been *a* motivating factor behind Zilo looking unfavorably at the totality of Parks' record and later terminating his employment for a later infraction.

Lipari Foods contends that because Parks received later disciplinary points for an unscheduled absence which again put Parks over the threshold for firing, that this was legitimate discipline which eliminated any inference of retaliation. But it is clear from the record that Zilo was willing to extend leniency to Parks. A reasonable jury could infer that Zilo would have been more lenient if Parks had had 16 points when Zilo last intervened, rather than 16.5.

Finally, Lipari Foods rejects this inference that Zilo would have forgiven Parks' later unexcused absence, arguing that it is based on "a series of speculations unsupported by the record." But at the summary judgment stage, the Court must view any reasonable inferences drawn from the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587. It is not unreasonable for a jury to infer that an employee's having fewer disciplinary points would cause his superior (here Zilo) to view that employee's conduct in a more positive way. A jury could also reasonably infer that because evidence showed that a particular superior had forgiven infractions in the past, he could also forgive later infractions. A reasonable jury could infer that every additional disciplinary point an employee received would

10

*decrease* the likelihood that any future infractions would be forgiven. And if that future infraction was not forgiven, a reasonable juror could infer (applying Michigan law) that an additional retaliatory disciplinary point was *a* motivating factor, though not necessarily *the* motivating factor, behind the decision not to forgive that infraction. That is all that Michigan law requires for Parks to avoid summary judgment on whether he has sufficiently shown causation for WDCA retaliation.

For the above-stated reasons, the Court concludes that it did not make an error of fact or law in denying Lipari Foods summary judgment on Parks' WDCA retaliation claim related to his termination. Lipari Foods' Motion for Reconsideration will therefore be **DENIED**.

**SO ORDERED.**

Dated: August 4, 2025       /s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

11